UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DENNIS BLACK, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-01528-SEB-KMB |
| | ) | |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING PLAINTIFFS' MOTION TO REMAND**

Plaintiffs Dennis Black and Trina Black brought this action against Defendant State Farm Fire and Casualty Company in state court for breach of contract and breach of the duty of good faith and fair dealing on June 18, 2025. On July 30, 2025, Defendant removed the case to federal court, asserting that the Court had diversity jurisdiction under 28 U.S.C. § 1332. Plaintiffs now seek remand [Dkt. 7] on the basis that Defendant's removal was untimely. For the reasons detailed below, we <u>DENY</u> Plaintiffs' Motion to Remand.

**Factual Background**

Plaintiffs originally filed their complaint in Johnson Superior Court on June 18, 2025, alleging breach of contract and breach of the duty of good faith and fair dealing claims against Defendant under a homeowners insurance policy. The complaint alleges that hail and strong winds "significantly damaged" Plaintiffs' home, including causing water damage. Dkt. 1-2 ¶ 6. Plaintiffs' complaint seeks "damages against State Farm in

1

an amount sufficient to compensate Plaintiffs for direct and consequential damages suffered as a result of the breach of contract and such damages as may be due Plaintiffs as a result of State Farm's bad faith …," but, in accordance with Indiana law, does not include any specific dollar amount Plaintiffs seek to recover.  Dkt. 1-2 at 5.

On July 29, 2025, Defendant's counsel emailed Plaintiffs' counsel to confirm whether the amount in controversy exceeded $75,000 and Plaintiffs' counsel responded that same day that it was his "understanding that State Farm was provided with estimates (interior and exterior damages) well in excess of $100,000 before we filed suit."[1]  Dkt. 7-2.  The next day, on July 30, 2025, Defendant filed its notice of removal.

Now before the Court is Plaintiffs' motion to remand on the basis that Defendant's removal was untimely.  That motion is briefed and ripe for ruling.

## Legal Analysis

Under well-established Seventh Circuit law:

> The 30-day removal clock does not begin to run until the defendant receives a pleading or other paper that affirmatively and unambiguously reveals that the predicates for removal are present.  With respect to the amount in controversy in particular, the pleading or other paper must specifically disclose the amount of monetary damages sought.  This bright-line rule promotes clarity and ease of administration for the courts, discourages evasive or ambiguous statements by plaintiffs in their pleadings and other litigation papers, and reduces guesswork and wasteful protective removals by defendants.

---

[1] On April 29, 2025, an employee of Rees Restoration who was assisting Plaintiffs with their insurance claims against State Farm provided State Farm's adjuster an estimate of the cost to repair Plaintiffs' home in the amount of $118,483.15.  Dkt. 7-1.

*Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824 (7th Cir. 2013).  In contrast to the question of whether the case is substantively appropriate for removal, which may involve consideration of materials outside the state-court pleadings, the Seventh Circuit has made clear that "the timeliness inquiry is limited to examining contents of the clock-triggering pleading or other litigation paper; the question is whether *that document*, on its face or in combination with earlier-filed pleadings, provides specific and unambiguous notice that the case satisfies the jurisdictional requirements and is therefore removable."  *Id.* at 825.  "Assessing timeliness of removal should not involve a fact-intensive inquiry about what the defendant subjectively knew or should have discovered through independent investigation."  *Id.* (citation omitted).

      Here, Plaintiffs' original complaint did not include any damages amount or specific facts from which the amount in controversy was calculable or otherwise ascertainable from the complaint.  Thus, the complaint did not, on its face, clearly and unambiguously reveal that the amount in controversy in this case exceeds $75,000, which is the jurisdictional minimum under 28 U.S.C. § 1332(a).  Accordingly, we agree with Defendant that the 30-day clock did not begin with the filing of the complaint and instead started running on July 29, 2025, when Defendant first received a "post-complaint" paper that "affirmatively and unambiguously" specified that Plaintiffs were seeking damages in an amount in excess of $75,000.  *See Walker*, 727 F.3d at 825 ("As applied to the amount-in-controversy requirement the [30-day removal] clock commences *only* when the defendant receives a post-complaint pleading or other paper that affirmatively and

3

unambiguously specifies a damages amount sufficient to satisfy the federal jurisdictional minimums.").

Plaintiffs argue that, because Defendant had been given an estimate in the amount of $118,483.15 for the cost to repair the basement and roof of Plaintiffs' home prior to the filing of this litigation, Defendant was on notice at the time the complaint was filed that "[t]he obvious object of Plaintiffs' litigation" was "to recover damages of $118,483.15, together with compensatory damages for State Farm's bad faith, punitive damages, and attorneys' fees," and thus, knew or should have known that the jurisdictional minimum was satisfied. Dkt. 7 ¶ 8. However, it is well-settled Seventh Circuit law that investigating a defendant's subjective knowledge about the plaintiff's case is outside the Court's purview in assessing the timeliness of removal. *See Railey v. Sunset Food Mart, Inc.*, 16 F.4th 234, 241 (7th Cir. 2021) ("We stand fully by our prior determination that district courts are not required to engage in a 'fact-intensive inquiry about what the defendant subjectively knew or should have discovered' about the plaintiff's case to assess the timeliness of a defendant's removal.") (quoting *Walker*, 727 F.3d at 825). While it is true that, in determining when the 30-day removal clock is triggered, a defendant "can be held to information about its *own* operations that it knows or can discern with ease," (*Railey*, 16 F.4th at 241 (emphasis added)), as well as information that "the defendant can readily ascertain *from the face of the complaint*," (*Tedesco v. State Farm Fire and Casualty Co.*, 599 F. Supp. 3d 750, 767 (N.D. Ind. 2022) (emphasis added)), the pre-litigation repair estimate received by Defendant does not come within either of these categories.

Even assuming that the pre-litigation estimate would provide Defendant with a good faith basis to believe that it was more likely than not that the case would exceed the jurisdictional threshold for diversity, *Walker* makes clear that "[t]he moment a case becomes removable and the moment the 30-day removal clock begins to run are not two sides of the same coin" and the 30-day deadline begins to run only when the plaintiff "affirmatively and unambiguously specifies a damages amount sufficient to satisfy the federal jurisdictional minimums." 727 F.3d at 824, 825 (internal quotations and citation omitted). Thus, while "[d]efendants might … determine that removal is appropriate based on a preponderance of the evidence and remove on their own initiative, even though the pleading or other litigation paper does not specify the amount of damages[,] … defendants face no 30-day time limit to do so until receipt of a clock-triggering pleading or other litigation paper that satisfies the bright line rule [in *Walker*]." *Redfield v. Uthe*, No. 2:20-CV-199-TLS-JPK, 2021 WL 2451906, at *4 (N.D. Ind. June 15, 2021) (citing *Walker*, 727 F.3d at 825).

Here, Defendant received that clock-triggering document on July 29, 2025, when Plaintiffs' counsel confirmed that Plaintiffs were seeking more than $100,000 in damages. For these reasons, Defendant's July 30, 2025 notice of removal was timely. Accordingly, Plaintiffs' motion to remand [Dkt. 7] is <u>DENIED</u>.

IT IS SO ORDERED.

Date: _____12/4/2025_____

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

5

Distribution:

Joseph P. Carlasare
Amundsen Davis LLC
jcarlasare@amundsendavislaw.com

Tina Ramishvili
Amundsen Davis LLC
tramishvili@amundsendavislaw.com

Michael L. Schultz
PARR RICHEY FRANDSEN PATTERSON KRUSE, LLP(Indianapolis)
mschultz@parrlaw.com